**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

```
_____
                              )
GILBERT GRAHAM,               )
                              )
        Plaintiff,            )
                              )
        v.                    )      Civil Action No. 03-1951 (RWR)
                              )
MICHAEL MUKASEY et al.,       )
                              )
        Defendants.           )
_____      )
```

**MEMORANDUM OPINION AND ORDER**

Gilbert Graham, pro se plaintiff in this action against the Attorney General[1] and others alleging race discrimination, objects under Fed. R. Civ. P. 72(a) to Magistrate Judge Deborah Robinson's order that denied his motion for sanctions and for an in camera review of documents containing information that defendants redacted or withheld on the basis of privilege. Because Graham has not shown that the magistrate judge's order was clearly erroneous or contrary to law, Graham's motion will be denied.

BACKGROUND

In response to some of Graham's discovery requests, defendants withheld information under a claim of privilege or other protection.  Specifically, defendants claimed attorney

---

[1]  Attorney General Michael Mukasey is substituted as a defendant in place of former Attorney General Alberto Gonzales. See Fed. R. Civ. P. 25(d).

-2-

client privilege to withhold the FBI counsel's entire file on Graham's prior civil action against the FBI.  Defendants produced to Graham a privilege log regarding that file (Opp'n to Mot. for Reconsideration ("Opp'n") at 4-5), about which he makes no apparent complaint.  In all other instances involving privileged or protected information, defendants produced the redacted document with an explanatory sheet attached to it bearing a code. The code corresponds to an explanation on a list of twenty reasons that justify and describe the type of information being withheld.  This list, developed by the FBI for use in this sort of situation, is referred to by the parties here as "the FBI deletion codes."  (See Opp'n, Ex. 1, "FBI Deletion Codes".) Among the reasons listed on the FBI deletion codes are things such classified information, the identity of an informant, and information divulged in secret grand jury proceedings.  (Id.) Graham also bases his motion for sanctions on what he perceives to be disingenuous and inadequate responses to his requests for admissions.

## DISCUSSION

A party may object to a magistrate judge's determination in a discovery dispute.  Fed. R. Civ. P. 72(a); Local Civil R. 72.2. "Upon consideration of objections filed . . . , a district judge may modify or set aside any portion of a magistrate judge's order under this Rule found to be clearly erroneous or contrary to law."  Local Civil Rule 72.2(c) (as amended Apr. 10, 2007).  The

parties agree that "the magistrate judge's decision is entitled
to great deference," and will not be disturbed "unless found to
be 'clearly erroneous or contrary to law.'"  Neuder v. Battelle
Pacific Northwest Nat. Lab., 194 F.R.D. 289, 292 (D.D.C. 2000).
(See Pl.'s Mot. for Recons. ("Mot.") at 3; Opp'n at 3.)

        Here, Graham contends that the defendants' claims of
privilege or protection fall short the requirement that they
"make the claim expressly and . . . describe the nature of the
documents, communications, or things not produced or disclosed in
a manner that, without revealing information itself privileged or
protected, will enable other parties to assess the applicability
of the privilege or protections."  Fed. R. Civ. P. 26(b)(5).
Quoting International Paper Co. v. Fiberboard Corp., 63 F.R.D.
88, 94 (D. Del. 1974), for the proposition that a "proper claim
of privilege requires a specific designation and description of
the documents within the scope as well as precise and certain
reasons for preserving their confidentiality," Graham argues that
the deletion codes used to justify and describe information
redacted from documents produced are inadequate and that the
defendants were required to create a log identifying and
describing documents.  (Mot. at 6, 8.)  From that position, he
argues that the magistrate judge was without sufficient
information to determine that the privilege claims were
reasonable, and that her refusal to examine the redacted

-4-

documents in camera and to sanction the defendants was an abuse
of discretion.  (Mot. at 6-7, 8.)

     Graham's argument elevates form over substance.  There is no
requirement that defendants compile all explanations of privilege
or other bases for withholding information in a single log.
There is also no need, and the federal rules do not require a
defendant, to create a log that describes the author, the date,
the type of document, and so on, when the requesting party can
see that information simply by looking at the document.  Graham
has not explained how a log would enhance his ability to
challenge the claims made with respect to the redacted documents,
and it is not obvious what useful information he expects to gain
from a log of partially redacted documents.

     While he makes categorical claims of inadequacy, Graham has
not identified a single specific document as to which he argues
that the FBI deletion code used to explain a redaction is
inadequate in the context of the document provided.  Without some
reason to doubt the veracity or accuracy of the defendants'
claims of privilege and protection, there is no need for in
camera review of the documents.  See Weissman v. Central
Intelligence Agency, 565 F.2d 692, 698 (D.C. Cir. 1977) (stating,
in a Freedom of Information Act case, that "only where the record
is vague or the agency claims too sweeping or suggestive of bad
faith" that an in camera examination is warranted.)

-5-

Graham's objection to the defendants' responses to requests for admission does not provide a basis on which to conclude that defendants acted to deceive or otherwise violated the discovery rules.  The example Graham provides in his motion[2] does not compel the conclusion he urges.  Rather, Graham's example suggests that what a disinterested party may view as a vigorous but legitimate defense may appear to an interested party as a disingenuous response.

### CONCLUSION AND ORDER

Because Graham has not shown that Magistrate Judge Robinson's order denying his motion for sanctions and in camera review of the redacted and withheld documents was clearly erroneous or contrary to law, it is hereby

ORDERED that his motion [97] for reconsideration be, and hereby is, DENIED.

SIGNED this 22nd day of January, 2008.

/s/
RICHARD W. ROBERTS
United States District Judge

---

[2]  Graham cites as one request for admission this text: "Admit that the alleged potential IOB violation reported against plaintiff did not involve a systemic or continuous electronic surveillance monitoring by FBI employees.  Therefore, no reportable IOB violation occurred."  (Mot. at 10.)  He argues that the defendants' denial was disingenuous since a government document about "'surveillance of three telephone lines [concluded] that no monitoring was ever conducted by FBI personnel [and] no United States Citizens or foreign nationals were ever monitored.'"  (Id.)