UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

```
_____
                               )
GILBERT M. GRAHAM,             )
                               )
          Plaintiff,           )
                               )
     v.                        ) Civil Action No. 03-1951 (RWR/DAR)
                               )
MICHAEL MUKASEY et al.,        )
                               )
          Defendants.          )
_____)
```

MEMORANDUM OPINION AND ORDER

Pro se plaintiff Gilbert Graham brought this employment discrimination action against the Attorney General and others. He objects to an order by the magistrate judge that denied his motion for additional discovery under Fed. R. Civ. P. 56(f). Because Graham has not shown that the magistrate judge's order was clearly erroneous or contrary to law, Graham's objections have been overruled.

BACKGROUND

Graham filed this lawsuit alleging seven counts of discrimination against the defendants.  Six of Graham's seven counts were dismissed, while one count alleging that the defendants discriminated against Graham by subjecting him to a hostile work environment in retaliation for participation in protected activities survived.  After discovery was completed, the defendants moved for summary judgment under Rule 56, arguing that the five bases for Graham's assertion of a retaliatory

hostile work environment could not as a matter of law constitute

a hostile work environment:

> (a) [Graham] was not afforded "reasonable leave" to
> work on his EEO complaint; (b) his request for leave
> was subjected to scrutiny; (c) his reputation was
> tarnished when he was given a mechanically deficient
> FBI car; (d) he was told by FBI counsel that he could
> not publish a document that contained classified
> information . . . ; and (e) he was threatened that he
> could be prosecuted if he published the classified
> document.

(Defs.' Mem. in Supp. of Mot. for Summ. J. at 7.)  Graham

responded by moving for a continuance to obtain discovery under

Rule 56(f), arguing that he was denied the opportunity to conduct

discovery necessary to oppose defendants' motion for summary

judgment.  (Pl.'s Mot. to Continue Pursuant to Rule 56(f) ("Pl.'s

Mot. to Continue") at 1.)  Defendants opposed Graham's motion for

discovery, arguing that the record showed that Graham was given a

full and fair opportunity to conduct discovery.

Magistrate Judge Robinson denied Graham's motion to

continue, finding that

> Plaintiff has failed to make the showing required by
> Rule 56(f) of the Federal Rules of Civil Procedure.
> That rule requires that a party opposing a motion for
> summary judgment show by affidavit "that, for specified
> reasons, [he] cannot present facts essential to justify
> [his] opposition."  Here, Plaintiff makes no such
> allegation; rather, Plaintiff appears to invite the
> court to revisit various prior rulings limiting
> discovery.  *See, e.g.*, Plaintiff's Rule 56(f) Motion at
> 2-3, 4-12.  While Plaintiff submits that he "has been
> prohibited from obtaining access to all relevant facts
> required to define the precise formulation of a *prima
> facie* case . . ., he does not identify any material
> fact enumerated by Defendants in the statement

-3-

accompanying their Motion for Summary Judgment which he
is unable, by reason of a need for additional
discovery, to controvert.

(Order Denying Plaintiff's Mot., July 24, 2008 ("Order") at 1-2.)

Graham objects to the Order, arguing that the Order was based on

a misunderstanding of the proper scope of discovery to which he

was entitled; improperly required Graham to identify material

facts he needed more discovery to controvert; was arbitrary; and

improperly characterized his request for a polygraph examination

as not a discovery request.[1]  (Pl.'s Mem. in Supp. of Pl.'s Mot.

for Recons. ("Pl.'s Mem.") at 1.)

## DISCUSSION

A party may object to a magistrate judge's determination in

a discovery dispute.  Fed. R. Civ. P. 72(a); Local Civil Rule

72.2.  "Upon consideration of objections filed . . . , a district

judge may modify or set aside any portion of a magistrate judge's

order under this Rule found to be clearly erroneous or contrary

to law."  Local Civil Rule 72.2(c).  A magistrate judge's

decision is entitled to great deference unless it is clearly

erroneous or contrary to law, "that is, if on the entire evidence

---

[1]Graham also argues that the Order improperly made a
credibility determination in the defendants' favor by citing the
defendant's argument that "nothing in the record indicates that
[Graham] was not given a full and fair opportunity to conduct
discovery."  (Pl.'s Mem. at 5.)  However, the Order found that
Graham had not made the showing required by Rule 56(f).  It made
no credibility determinations and did not even comment upon the
defendants' argument.

the court is left with the definite and firm conviction that a mistake has been committed." Donohoe v. Bonneville, Civil Action No. 07-949 (RWR), 2009 WL 499449, at *1 (D.D.C. February 27, 2009) (quoting Moore v. Chertoff, 577 F. Supp. 2d 165, 167 (D.D.C. 2008)).

A party may respond to a motion for summary judgment by moving for additional discovery.  Rule 56(f) requires that the party seeking additional discovery show by affidavit "that, for specified reasons, it cannot present facts essential to justify its opposition[.]"  Fed. R. Civ. P. 56(f); Bancoult v. McNamara, 217 F.R.D. 280, 283 (D.D.C. 2003) ("A non-moving party seeking the protection of Rule 56(f) must state by affidavit the reasons why he is unable to present the necessary opposing material.") (citation omitted).  The party seeking discovery bears the burden of identifying the facts to be discovered that would create genuine issues of material fact and the reasons why the party cannot acquire those facts without additional discovery.  Byrd v. Environmental Protection Agency, 174 F.3d 239, 248 n.8 (D.C. Cir. 1999).

Graham argues that the Order was based on a misunderstanding and misapplication of the general principle that plaintiffs enjoy liberal discovery of employers' records to document their claims. He asserts that the Order wrongly concluded that his motion for additional discovery sought to revisit prior discovery rulings.

-5-

Contrary to Graham's assertion, there was nothing erroneous about the finding that Graham's motion for a continuance attempted to revisit previous discovery rulings that did not go his way. Graham's motion objected to, and sought additional discovery for, "defendants' inadequate responses to interrogator[ies] [numbers 3, 10, and 17]," "defendants' inadequate responses" to documents requests 10, 14 and 57, and "defendants' inadequate responses" to requests for admission 24, 164, 167, 169, and 171, and sought an order requiring "additional discovery" regarding those interrogatories and document requests.  (Pl.'s Mem. in Supp. of Pl.'s Mot. to Continue at 6-11.)  Graham already litigated those very same discovery responses.  (See Pl.'s Mot. to Determine the Sufficiency of Defs.' Resps. to First Request for Admns., September 11, 2006 [Docket No. 78]; Pl.'s Mot. for Sanctions for Defs.' Noncompliance with the Court's Discovery Order, September 22, 2006 [Docket No. 79]; Pl.'s Mot for Sanctions for Defs.' Noncompliance with the Court's Disc. Orders, November 16, 2006 [Docket No. 91].)  Graham objected to one adverse discovery decision, and his objection was overruled.  See Graham v. Mukasey, 247 F.R.D. 205, 208 (D.D.C. 2008).  Graham also seeks to serve on defendants additional interrogatories that were previously deemed untimely by Magistrate Judge Robinson. (See Pl.'s Mot. for Extension of Time to Complete Disc. and Extend Disc. Limits, June 9, 2006 [Docket No. 62]; Minute Entry

of June 12, 2006 Denying in Part Pl.'s Mot.)  Thus, the Order did
not clearly err by determining that these issues had been
previously litigated, and that reviving them does not satisfy his
burden under Rule 56(f).  See Pinkerton's Inc. v. Shelly
Pinkerton Corp., 191 F.3d 453 (6th Cir. 1999) (plaintiff
prohibited from relitigating discovery issues under Rule 56(f)).

Graham argues that the Order was clearly erroneous and
arbitrary because it required Graham to specify how his
additional requested discovery would controvert the defendants'
assertions in their motion for summary judgment.  (Pl.'s Mem.
at 7.)  Graham complains that the Order will "railroad" him by
forcing him to oppose "a premature motion for summary judgment
before making full discovery."  (Pl.'s Mem. at 8.)  Rule 56(f) is
intended to prevent railroading "a non-moving party through a
premature motion for summary judgment before the non-moving party
has had the opportunity to make full discovery."  Berliner
Corcoran & Rowe LLP v. Orian, 563 F. Supp. 2d 250, 253 (D.D.C.
2008) (quoting Dickens v. Whole Foods Market Group Inc., Civil
Action No. 01-1054 (RMC), 2003 WL 21486821, at * 2 n.5 (D.D.C.
March 18, 2003)).  However, Graham has had ample opportunity to
obtain discovery.  Discovery began in February of 2006, and the
defendants have produced roughly 5,000 pages of documents.
Graham's affidavit reiterates previous discovery disputes that
have already been ruled upon, and does not specify beyond mere

-7-

speculation what additional discovery would divulge and why that material is necessary for Graham to oppose the defendants' motion for summary judgment regarding his five bases for alleging a retaliatory hostile work environment.

With respect to the basis that he was not afforded a reasonable amount of administrative leave to work on his EEO claims and that his leave request was scrutinized, the defendants provided affidavits from Graham's immediate supervisor and the assistant Special Agent in Charge that purported to provide a legitimate reason for a denial of Graham's request to take administrative leave.  (Def.'s Stmt. of Mat. Facts not in Disp. at ¶¶ 7-13.)  Graham's proposed requests for additional discovery do not appear to be geared to produce evidence that pertains to these factual assertions other than "Interrogatory No. 22," an interrogatory that was previously deemed untimely by Magistrate Judge Robinson.  In addition, Graham does not specifically describe what facts he expects the answer to that additional interrogatory would provide, other than that it would "reveal triable issues of fact."  (See Pl.'s Mem. in Supp. of Pl.'s Mot. for Add'l Disc. at 16.)  A Rule 56(f) motion for additional discovery is not designed to allow "fishing expeditions," and plaintiffs must specifically explain what their proposed discovery would likely reveal and why that revelation would advance the plaintiffs' case.  See Hotel & Rest. Employees Union,

Local 25 v. Att'y Gen., 804 F.2d 1256, 1269 (D.C. Cir. 1986),
vacated on other grounds, 808 F.2d 847 (D.C. Cir. 1987) ("The
procedure [under Rule 56(f)] is designed to prevent fishing
expeditions by narrowing the scope of discovery[.]"); Cotton v.
Wash. Metro. Area Transit Auth., Civil Action No. 01-0801 (DAR),
2004 WL 473658, at *10 (D.D.C. March 3, 2004) ("Plaintiff has
failed to establish any nexus between the depositions Plaintiff
wishes to take . . . and the development of 'facts essential to
justify the party's opposition[.]' . . .  An order allowing
discovery pursuant to Rule 56(f) would, in the context of this
litigation, amount to little more than a fishing expedition.")
(quoting Rule 56(f)).

     With respect to the basis that his reputation was
deleteriously affected when the defendants provided him with a
mechanically deficient automobile, the defendant provided the
affidavit of Graham's immediate supervisor who asserted that
Graham was given a different vehicle after he was reassigned
because the supervisor needed to maintain the low-mileage
vehicles for agents who remained on the squad who were continuing
to "work the target."  Graham's supervisor's affidavit also
explained that the outstanding citations that were issued to the
automobile assigned to Graham were investigated and that the
defendants decided to pay the citations through a Confidential
Services Unit approximately two months after Graham learned of

them.  In addition, the defendants provided a work order showing

that a new battery and a new thermostat were placed in Graham's

automobile one week after Graham reported that there was no heat

in the car and that it did not start properly, and that on three

occasions when Graham complained of problems with the automobile,

it was repaired on the same day.  (Def.'s Stmt. of Mat. Facts not

in Disp. at ¶¶ 14-17.)  Graham's proposed requests for additional

discovery do not appear to be aimed at producing evidence that

pertains to these factual assertions.

Finally, with respect to the basis that he was threatened

with prosecution if he released classified information in the

context of a separate lawsuit against the defendants and was

instructed not to publish such classified information, the

defendants provided affidavits from a Supervisory Special Agent

in the FBI asserting that Graham was merely informed that he

could not release classified information in the course of

litigation, and that Graham was required to use redacted versions

of classified letters that he wanted to submit to the court.

(Def.'s Stmt. of Mat. Facts not in Disp. at ¶¶ 20-24.)  Graham

tailors some of his discovery requests to provide information

regarding this issue, but Graham does not explain what he

believes that he will find if granted his proposed additional

discovery, or how the information would rebut the assertions of

the defendants.  For example, Graham expresses dissatisfaction

-10-

with the defendants' response to request for admission 171.  In
that request for admission, Graham asks the defendants to admit
that, in 2003, Graham "was threatened with criminal prosecution
for any unauthorized disclosure of the reclassified letters
concerning his three day suspension."  (Pl.'s Mem. at 14.)
Defendants denied the request, and Graham wants to obtain
"information concerning plaintiff's unauthorized disclosure of
reclassified information" from several of defendants' employees.
Id.  However, Graham does not explain what he expects to find, or
how it would relate to his case.  (See Reshard v. Peters, 579 F.
Supp. 2d 57, 68-69 n.11 (D.D.C. 2008) (plaintiff's motion for
additional discovery denied because she did "not identify any
probable facts not already available to her that would raise a
triable issue of fact, nor [did] she state with specificity how
discovery would produce facts to rebut the defendant's summary
judgment motion").)

     Graham argues that the Order clearly erred by determining
that Graham's request to conduct a polygraph examination was not
a discovery request.  He urges that the test could impeach or
corroborate the supervisor who stated in an affidavit attached to
the defendants' motion for summary judgment that he did not
threaten Graham regarding the disclosure of classified
information.  (Pl.'s Mem. at 10.)  However, Graham has made no
showing that court-ordered polygraph examinations are among the

discovery tools made available to parties under the federal
rules.  And even though relevant and discoverable information
need not be admissible at trial, Fed. R. Civ. P. 26(b)(1), which
polygraph results usually are not, see, e.g., United States v.
Scheffer, 523 U.S. 303, 309 (1998) (noting about Military Rule of
Evidence 707's prohibition against the admission of polygraph
evidence that "there is simply no consensus that polygraph
evidence is reliable. . . .  [T]he scientific community remains
extremely polarized about the reliability of polygraph
techniques"); United States v. Johnson, 446 F.3d 272, 278
(2d Cir. 2006) (stating that "polygraph results are inadmissible
as evidence"); United States v. Prince-Oyibo, 320 F.3d 494, 501
(4th Cir. 2003) (reaffirming the per se ban on polygraph
evidence), relevant information must still be reasonably
calculated to lead to the discovery of admissible evidence.  Fed.
R. Civ. P. 26(b)(1).  Graham has made no showing of how polygraph
results would meet that test here.

## CONCLUSION AND ORDER

Because Graham has not demonstrated that Magistrate Judge
Robinson's Order was clearly erroneous or contrary to law,
Graham's objections [116] to the Order denying his motion for
additional discovery under Rule 56(f) have been OVERRULED.  It is
hereby

-12-

ORDERED that Graham shall have until May 4, 2009 to file his opposition to the defendants' motion for summary judgment.

SIGNED this 3rd day of April, 2009.

_____/s/_____
RICHARD W. ROBERTS
United States District Judge