**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

```
_____
                              )
GILBERT M. GRAHAM,            )
                              )
         Plaintiff,           )
                              )
         v.                   )     Civil Action No. 03-1951 (RWR/DAR)
                              )
MICHAEL MUKASEY et al.,       )
                              )
         Defendants.          )
_____)
```

**<u>MEMORANDUM ORDER</u>**

Pro se plaintiff Gilbert Graham brought this employment discrimination action against the Attorney General and others. Graham seeks certification of three issues for interlocutory appeal under 12 U.S.C. § 1292(b) following an April 3, 2009 memorandum opinion and order that overruled his objections to a magistrate judge's order denying his motion for additional discovery under Fed. R. Civ. P. 56(f):

- Whether the constitutional requirements of due process may be denied in the absence of complete discovery in a discrimination case.

- Whether, in light of the constitutional issue raised by plaintiff, the Court's refusal to afford plaintiff the right to obtain access to all matters relevant to his claim is a "manifest injustice," giving the appearance of partiality.

- Whether plaintiff's Rule 56(f) affidavit sufficiently demonstrates an entitlement to additional discovery.

(Pl.'s Mem. in Supp. of Mot. for Temporary Stay and Cert. ("Pl.'s Mem.") at 1-2.)  Graham also moves for a stay of his obligation

-2-

to file by May 4, 2009 an opposition to the defendants' motion

for summary judgment.

A district court may certify an issue for interlocutory

appellate review when it involves "a controlling question of law

as to which there is substantial ground for difference of

opinion" and where "an immediate appeal from the order may

materially advance the ultimate termination of the litigation."

28 U.S.C. § 1292(b).  "A party seeking certification pursuant to

§ 1292(b) must meet a high standard to overcome the strong

congressional policy against piecemeal reviews, and against

obstructing or impeding an ongoing judicial proceeding by

interlocutory appeals."  American Soc'y for the Prevention of

Cruelty to Animals v. Ringling Bros. & Barnum & Bailey Circus,

246 F.R.D. 39, 43 (D.D.C. 2007) (quoting Judicial Watch, Inc. v.

Nat'l Energy Policy Dev. Group, 233 F. Supp. 2d 16, 20 (D.D.C.

2002) (internal citations omitted)).   Interlocutory appeals are

infrequently allowed.  The movant must show that exceptional

circumstances justify a departure from the traditional structure

of litigation where appellate review is postponed until after the

entry of final judgment.  Id.; see also Nat'l Cmty. Reinvestment

Coalition v. Accredited Home Lenders Holding Co., 597 F. Supp. 2d

120, 122 (D.D.C. 2009) (denying motion for certification while

noting the "high standard required for interlocutory appeal").  A

movant must do more than show continued disagreement with the

-3-

trial court's decision.  American Soc'y for the Prevention of
Cruelty to Animals, 246 F.R.D. at 43 (denying a motion for
certification of interlocutory appeal where a movant "simply
reiterated its position" in its request for certification).  Even
"vehement" disagreement with a court's ruling does not establish
the substantial ground for difference of opinion sufficient to
satisfy the statutory requirements for interlocutory appeal.
Judicial Watch, Inc. v. Nat'l Energy Policy Dev. Group, 233 F.
Supp. 2d 16, 19-20 (D.D.C. 2002) (denying certification,
discovering  only two cases where the standard for certification
was met - - one case where there was "an apparent inconsistency
between a position taken by one panel of the Court of Appeals
. . . and that set forth in a prior Circuit opinion," and a case
where a prior opinion by the court of appeals was inconsistent
with the plain language of a statute); see also Nat'l Cmty.
Reinvestment Coalition, 597 F. Supp. 2d at 122 (denying a motion
for interlocutory appeal where the movant "simply reiterated its
position" and failed to point to a split within the district on
the underlying issue).

     Graham has not shown the presence of a controlling issue of
law in this case for which there is a substantial ground for
difference of opinion.  Graham does not show the existence of any
split in this district or this circuit regarding any controlling
issue of law in this case, nor does he demonstrate that the

-4-

April 3, 2009 opinion is contrary to law.  Graham argues that the April opinion was inconsistent with <u>Berkely v. Home Ins. Co.</u>, 68 F.3d 1409 (D.C. Cir. 1995).  However, <u>Berkely</u> held that the district court did not abuse its discretion by denying the defendant's Rule 56(f) motion because the defendant did not adequately support its motion, and "bare assertions of need [for additional discovery] will not suffice when the record reveals none."  <u>Berkely</u>, 68 F.3d at 1415.  Graham also argues that the April opinion was inconsistent with the language in <u>Texas Dep't of Community Affairs v. Burdine</u>, 450 U.S. 248 (1981) that a Title VII plaintiff must be afforded a full and fair opportunity to demonstrate pretext.  <u>Burdine</u> did not involve a motion for additional discovery under Rule 56(f), and the full text of the "full and fair" quote appeared in the discussion of the rationale behind placing on the defendant the burden of coming forward with a nondiscriminatory reason for its actions if a plaintiff alleges a prima facie case under Title VII.  <u>Burdine</u>, 450 U.S. at 255. Further, Graham's assertion that he has been denied a reasonable opportunity to conduct discovery merely repeats an argument previously advanced and rejected.  <u>See</u> <u>Graham v. Mukasey</u>, Civil Action No. 03-1951 (RWR), 2009 WL 902302, at *3 (D.D.C. April 3, 2009).

-5-

Because Graham has not demonstrated the presence of a controlling issue of law in this case for which there is a substantial ground for difference of opinion, it is hereby

ORDERED that Graham's motion [123] for certification and for a temporary stay be, and hereby is, DENIED.

SIGNED this 22nd day of April, 2009.


                                    _____/s/_____
                                    RICHARD W. ROBERTS
                                    United States District Judge